On Motion to Dismiss.
 

 DAWKINS, J.
 

 Plaintiff sued defendant on open account in the sum of $2,430.80, for building material furnished in the "construction of the new Elks Home in this city. It alleged that said materials were furnished under verbal contract “for completing a contract which defendant has with W. T. Carey & Co., and which the defendant had declared defaulted, at the same prices which plaintiff was furnishing said W. T. Carey & Co.”
 

 Averring that defendant was an absentee, it made the Elks Lodge a party garnishee under writ of attachment, for the purpose of seizing whatever funds there might be in its hands due under the contract for erecting the building- .
 

 Defendant answered, admitting that it was indebted to plaintiff in the sum claimed, but denied that it had declared Carey & Co.’s contract forfeited; that said Carey & Co. had notified it that they could not complete the contract and suggested defendant take whatever action might be necessary to protect its (defendant’s) interest; that the reason it had not paid said amount was that the Globe Indemnity Company had warned it not to pay said amount for reasons later set forth, and of which plaintiff was fully aware. Further, that it had entered into the contract with W. T. Carey & Co., referred to in plaintiff’s petition, which amounted to in
 
 excess
 
 of $25,-000, and that Carey. & Co. had furnished bond, as required by law, for one-half the amount of said contract with the Globe Indemnity Company, as surety; that it (defendant) had notified said surety of its principal’s failure to complete said work, and the surety also declined to complete the contract; that thereupon defendant proceeded to complete it at the charge and risk of said Carey & Co. and its said surety. Further, that after the materials sued for by plaintiff were purchased, the Globe Indemnity Company informed defendant that previous to going surety for Carey & Co. on said contract plaintiff herein had agreed to advance Carey & Co. $1,500 to be used for meeting pay rolls, and further to furnish it all of the material needed in the execution of said contract, and to waive and not file any lien of any kind against the building; that plaintiff failed to comply with said contract in several particulars, among others that it had failed to furnish Carey & Co. with the lumber necessary, and that it had been furnished by another dealer to an amount exceeding $3,-000. ' And that said surety had further informed defendant that if it paid the sum admitted to be due to plaintiff, the same would be considered by the surety as releasing it from the bond, and that the amount sued for herein should be paid to the Globe Indemnity Company, all of which facts were fully known to plaintiff before it filed this suit.
 

 Defendant therefore averred that finding itself confronted with the claims of two persons to said fund, and being in danger of having to pay twice, if it paid the wrong party, it deposited the money in the registry of
 
 *395
 
 the court for the benefit of whoever it might be held to belong. It prayed that the Globe Indemnity Company be made a party and cited and served with a copy of the original petition and answer in order that the court might determine the issue as between it and the plaintiff.
 

 The Globe Indemnity Company appeared in answer to this service and citation, and averred the facts with reference to its becoming surety .substantially as alleged by defendant, and annexed to its answer a letter addressed to it by plaintiff in which the latter stated it would furnish all of said mate-, rial to Carey & Co., solely upon the latter’s credit responsibility, and that it waived any lien or privilege whatsoever against the building, or action- against the Globe Indemnity Company, as well as for a loan of $1,500 made to Carey & Co., presumably for the execution of said' contract; and but for said agreement, respondent would never have become surety on said bond; that in these circumstances respondent was entitled to have said funds applied to the payment of the othér claims for which it was liable on the bond, and of which it avers there are a large number unpaid, among them being one already filed by W. W. Carre & Co. for $3,-152.84; that if plaintiff were paid the sum which is claimed herein, there would not be sufficient funds to meet the claims of other lienholders.
 

 Respondent prayed that the demands of plaintiff be rejected, and that it be declared not entitled to be paid anything for said materials for the completion of the subcontract of Carey & Co. “until payment of all other claims for which petitioner (respondent) may be responsible on its bond and relegating” plaintiff “to a claim upon the personal credit” of Carey •& Co. Further that there be judgment directing that the funds in the hands of the court be applied to all claims for labor and materials furnished upon said subcontract.
 

 There was judgment for plaintiff as claimed, and the Globe Indemnity Company appealed. Plaintiff has moved to dismiss upon the ground that appellant has not claimed the fund or asked for any moneyed judgment in its favor.
 

 We think the above statement of the case sufficiently discloses that there is a real issue between plaintiff and the appellant over the disposition of the fund to give this court jurisdiction. , It is true. that appellant does not ask that it be paid the money, but it does, in effect, pray that it be held and applied upon the claims for which it is responsible, and plaintiff declared not entitled to receive same under the agreement by which it induced appellant to become surety upon Carey & Co.’s bond. Whatever the merits of the case may be, it was one which the lower court had to and did pass upon, and in view of the amount involved or fund to be distributed, we have jurisdiction. Article 7, § 10, Const. 1921; article 85, Const. 1913.
 

 The motion is therefore denied.