## BROWN et al. v. WELDON.

### No. 2181.

Court of Appeal of Louisiana. First Circuit.

Jan. 14, 1941.

S. I. Foster, of Leesville, for appellants.

Elmer L. Stewart, of DeRidder, for appellee.

DORE, Judge.

On January 11th, 1938, Volrey Lacaze and Franklin P. Weldon entered into the following contract for deed:

"The said Vollery LaCaze, owner of the following described lands, viz: Southeast Quar. Southeast Quar. (SE¼SE¼) Section Thirty -six (36) Township One (1) South, Range Six (6) agrees to sell unto the said F. P. Weldon under the following contract.

"The said F. P. Weldon has paid unto the said Vollery Lacaze the sum of Fifty ($50.00) Dollars cash and has made and executed unto the said Vollery LaCaze his two promissory notes to-wit: #1 dated Jan. 11th, 1938, for the sum of $37.50 due July 1st, 1938; #2 dated Jan. 11th, 1938, for the sum of $37.50, due October 1st, 1938, dated with this act and bearing interest at the rate of .08% from maturity until paid.

"As a further consideration the said F. P. Weldon assumes a certain mortgage on the above described property made to and in favor of the Federal Land Bank, New Orleans, Louisiana in the sum of $360.00 plus interest, which said sum is to be paid in nine (9) annual installments of $40.00 each plus interest and cost.

"It is further understood and agreed that the said F. P. Weldon shall pay all taxes that may acrue on the above described premises, and to keep the premises in a fair condition of repair during the tenure of this contract, and upon the failure of the said F. P. Weldon to pay said taxes and/or the above described notes as they become due, then this contract is null and void, and all monies paid shall be considered a fair rental for the premises, and upon the payment of the above described notes, taxes etc to the satisfaction of the said Vollery LaCaze the he (Vollery LaCaze) agrees to make unto the said F. P. Weldon a deed subject to the approval of the Federal Land Bank."

This contract was not filed for record with the Clerk of the Court for the Parish of Vernon until February 8, 1939, and was recorded on February 21, 1939, in Vol. 126, at page 391.

The defendant paid the installment on the land bank mortgage with interest due thereon for the year 1938, amounting to the total sum of $57.47. He failed to pay

the taxes for that year, amounting to $11.-46, and the two notes of $37.50 each as per his contract. The defendant was in possession of the property during the year 1938 under this contract of purchase.

On February 8, 1939, the day the above contract was filed for record, Lacaze gave an oil lease on the property to Alex D. Flynn for a consideration of $56, which oil lease was recorded in Vol. 126, at page 388.

Subsequently, on February 25, 1939, Lacaze and the defendant entered into a contract of lease whereby the former leased this property to the latter for farming purposes for a period of five years from that date, with the provision that the lease could be terminated by the giving of written notice to the other party that the lease would expire on the first of November, the notice thereof to be given on or before February 25th prior thereto. In the contract of lease there is a provision that the lessee shall keep the houses and fences in repair.

On March 14, 1939, Lacaze sold the property to Messrs. James Brown, Joseph P. Landry and R. S. Tatum, for a consideration of $100, with reservation of the right to cut and remove the timber thereon, and subject to the Federal Land Bank mortgage existing thereon.

Plaintiffs are Volrey Lacaze, the vendor and warrantor, and James Brown, Joseph P. Landry and R. S. Tatum, the purchasers, wherein they seek to eject the defendant from the property in question, basing their suit on Act 298 of 1938.

They allege that the defendant is in possession of the property under the lease from Lacaze for the year 1939 as above set out; that the purchasers of the property, the last three named plaintiffs, had purchased the property from Lacaze without any knowledge of the existence of any lease, but that they, the purchasers, consented, without a consideration, for the defendant to remain on the property for the year 1939; that they, the purchasers, gave a written notice on September 8, 1939, and again on Nov. 9, 1939, to the defendant of their purchase and to terminate his possession and surrender the property to them not later than Jan. 1st, 1940; they further allege that the defendant has failed to surrender the property on said date and remains in possession of the said property without any title, right or interest in the same.

The suit was filed on March 28, 1940, and the rule was signed ordering the defendant to show cause on April 15, 1940, why he should not be ordered to vacate the property and surrender possession to plaintiffs Brown, Landry and Tatum.

In appearance on the return date of the rule, the defendant filed an exception of no cause or right of action which was referred to the merits. The lower court, in his judgment, failed to pass upon this exception. Since the defendant does not urge the exception in this court, we treat it as abandoned. The defendant answered, admitting that he was in possession and admitting that Lacaze had sold the property to plaintiffs Brown, Landry and Tatum. He averred that the sale to the plaintiffs Brown, Landry and Tatum was of no effect in so far as he was concerned, in that Lacaze had contracted to sell the property to him in accordance with contract of record prior to the sale to plaintiffs. He denied the leasing of the property to him by Lacaze and claimed that he was in possession of the property by virtue of the contract to sell. He avers that he has fully complied with his contract to purchase the property. He admits that the plaintiffs Brown, Landry and Tatum permitted him to remain on the property during the year 1939, and that they gave him written notice to vacate as alleged.

The trial court dismissed the suit for the reason that, as defendant claimed possession under a contract for a deed, plaintiffs could not proceed under the summary process provided for by Act 298 of 1938. Plaintiffs appealed.

Section 1 of Act 298 of 1938 reads as follows:

"Be it enacted by the Legislature of Louisiana, That when any share-cropper, half hand, day laborer, or any occupant of land-holding through the accommodation of the owner, or any other occupant other than a tenant or lessee, shall be in possession of any house, building or landed estate, after the purpose of such occupancy and possession shall have ceased and terminated, whether for reason of breach or termination of contract, or otherwise, and the owner of such house, building or landed estate so occupied and possessed, or his agent, shall be desirous of obtaining possession of said premises, he shall demand and require in writing such occupant or possessor to remove from and leave the same, al-

lowing him five calendar days from the day such notice is delivered."

The sections of the act which follow the above provide for summary proceedings to eject such occupant or possessor, and such proceedings are very similar to those to eject a tenant by a landlord.

The plaintiffs do not allege in their petition that the defendant was claiming the right to occupy the property by virtue of the contract for deed nor do they mention the contract and its breach, but since the defendant asserts no other right to occupy the property save that arising out of the contract, the court had the right to pass upon the question of whether or not Act 298 of 1938 applied.

At the time the suit was filed, that is, on March 28, 1940, the defendant was not the tenant or lessee of either Lacaze or the other three plaintiffs. He does not contend that he had any right to occupy the premises as a tenant under any one for the year 1940, but relies solely on his contract for deed.

An agreement to purchase immovable property does not vest ownership in the person agreeing to buy nor divest the ownership of the seller. Pruyn v. Gay, 159 La. 981, 106 So. 536; Southwestern Imp. Co. v. Whittington, La.App., 193 So. 483. Consequently, when a person agreeing to purchase defaults in his contract, such a person holds the property without a title. If in possession of the property by virtue of such an agreement, he is an occupant of the same other than as a tenant or lessee, and at the sufferance of the owner, and he is subject to be ejected the same as a tenant who has breached his lease or whose lease has expired. We are of the opinion that one of the purposes of Act 298 of 1938 was to permit summary proceedings on behalf of the owner to obtain possession of the property without resorting to the petitory action in the event of default or breach of the agreement by the intended purchaser. In fact, we are of the opinion that the very situation of this case was one of the principal reasons for the enacting of this act as

experience had shown that it was often a difficult and sometimes long drawn out procedure to obtain possession of the property under a contract for deed where the intended purchaser had defaulted, compelling the owner to resort to the ordinary action of nullity or to the petitory action. We are therefore of the opinion that the provisions of Act 298 of 1938 apply to this case.

The defendant has failed to show that he has complied with his contract for deed. He did not pay the notes executed by him pursuant to his contract nor did he pay the taxes for the year 1938; he also failed to pay the installment note in favor of the Federal Land Bank, maturing on January 1st, 1939. He admitted his default on his contract by executing a lease for the property for the year 1939. The provision contained in the contract, in the event of forfeiture or non-compliance on the part of the defendant, to the effect that all monies paid shall be considered as a fair rental for use of the property is not an inequitable or arbitrary stipulation, especially where it does not appear that the amount paid by the defendant for the occupancy of the property for the years 1938 and 1939 (and at this time, the year 1940) is in excess of a fair rental for the property for these years.

The defendant has failed to show wherein he complied with his contract to purchase, entitling him to retain possession of the property. We are therefore of the opinion that the plaintiffs are entitled to the possession of the property, and that the rule heretofore issued by the lower court should have been made absolute.

For these reasons, the judgment appealed from is reversed, annulled and set aside; and it is now ordered, adjudged and decreed that there now be judgment in favor of plaintiffs, James Brown, Joseph P. Landry and R. S. Tatum, and against defendant, Franklin P. Weldon condemning the defendant to vacate the SE¼ of SE¼, Sec. 36, Tp. 1 S., R. 6, in Vernon Parish, Louisiana, and surrender possession of the said property to the plaintiffs, all in accordance with law. The defendant to pay all costs of these proceedings.