FOURNET, Justice.
 

 The Louisiana Delta Farms Company is seeking to have Mike Davis surrender certain properties sold him in 1912 aná in 1916 under a contract commonly known as a bond for deed, and to have Edward F. Bell surrender property sold him in 1917 under a similar contract. It proceeded summarily in both instances under the provisions of Act No. 298 of 1938, and, inasmuch as the question of law involved in both cases is identical, they were consolidated for trial by agreement of counsel.
 

 Both defendants filed exceptions and answered categorically the allegations of the plaintiff’s petition. However, on the day of the trial of the cases, counsel representing all of the parties agreed the sole issue before the court was whether the plaintiff was correct in proceeding under Act No. 298 of 1938. It is the contention of both of the defendants that the act governing plaintiff’s action is Act No. 169 of 1934, and, therefore, that plaintiff was without authority to institute these proceedings against them without giving them 45 days’ notice by registered mail, as provided in Section 4 thereof. The plaintiff takes the opposite view, that is, that Act No. 298 of 1938 governs; consequently, it was justified in proceeding as it did, after giving 5 days’ notice to vacate. Further, that Act No. 169 of 1934 was repealed by Act No. 298 of 1938. The defendants counter with the argument that since the act of 1934 is a special statute, dealing only with bond for deed agreements, it could not have been repealed by the later act, which is general in its nature.
 

 
 *450
 
 The trial judge rendered judgment in favor of the plaintiff in both cases, ordering the defendants to surrender and abandon the possession of the property they had contracted to purchase from the plaintiff. He also ordered that the contracts or agreements entered into by the plaintiff and the defendants be annulled and cancelled. Both of the defendants appealed.
 

 The record discloses that the defendant Mike Davis agreed to purchase property from the plaintiff in 1912 for $1,144, and that in 1916 he agreed to purchase additional property for $4,625. In each instance he contracted to pay a certain portion of the purchase price in cash and the remainder in installments, the vendor agreeing to convey title to the purchaser, upon the payment of half of the purchase price. Edward F. Bell agreed to purchase property from the plaintiff in 1917 under the same terms, for the price of $5,400. The amounts paid by Davis and Bell toward the liquidation of these obligations have been very small — no pretense of meeting the installments has really been made — with the consequence that at the time the plaintiff instituted these proceedings, because of accrued interest, assessments, advances, et cetera, the amount due the plaintiff was in excess of the original contract price, Davis owing $6,357 and Bell $9,217.64.
 

 All three of the contracts contain the stipulation that: “In case of the failure of said party of the second part to make any of the payments * * * within thirty days of the maturity thereof in any instance, this contract shall, at the option of the party of the first part, be forfeited and determined, and the party of the second part shall thereupon forfeit all payments made by him on this contract, and such payments in case such forfeiture shall be declared by the election of said first party, shall be retained by the said party of the first part in full satisfaction and in liquidation of all damages by it sustained, and it shall have the right to re-enter and take possession of the premises aforesaid.”
 

 The identical issue raised here was under consideration in the case of Brown v. Weldon, 199 So. 620, 623, and the Court of Appeal for the First Circuit, in disposing of the same, very aptly held that “An agreement to purchase immovable property does not vest ownership in the person agreeing to buy nor divest the ownership of the seller. Pruyn v. Gay, 159 La. 981, 106 So. 536; Southwestern Imp. Co. v. Whittington, La.App., 193 So. 483. Consequently, when a person agreeing to purchase defaults in his contract, such a person holds the property without a title. If in possession of the property by virtue of such an agreement, he is an occupant of the same other than as a tenant or lessee, and at the sufferance of the owner, and he is subject to be ejected the same as a tenant who has breached his lease or whose lease has expired. We are of the opinion that one of the purposes of Act 298 of 1938 was to permit summary proceedings on behalf of the owner to obtain possession of the property without resorting to the petitory action in the event of default or breach of thet
 
 *452
 
 agreement by the intended purchaser. In fact, we are of the opinion that the very situation of this case was one of the principal reasons for the enacting of this act * *
 
 ‡»
 

 When this holding of the appellate court was presented to this court in an application for a writ of certiorari, we refused to review the same, assigning as our reason therefor that “On the facts found .by the Court of Appeal the judgment is correct.” The pertinent facts found by the Court of Appeal in that case .were that the defendant had failed to show that he had complied with his contract for deed in that he had ,r ->t paid the notes executed by him and had not paid his taxes or the installment note in favor of the Federal Land Bank.
 

 It is obvious from a mere reading of the title to the statute that the object of the act was, as stated by the Court of Appeal, to cover just such a case as the one under consideration, that is, in order to provide that, in a summary manner, “a landowner or his agent may obtain the ejectment and removal of * * * occupants of houses, buildings, or landed estates (other than tenants or lessees) where the purpose of such occupance has ceased or terminated,” “whether for reason of breach or termination of contract, or otherwise.” Section 1. It necessarily follows that in so far as its provisions may be found to be inconsistent, Act No. 298 of 1938 supersedes Act No. 169 of 1934.
 

 Although the issues in this case were, by agreement of counsel, expressly limited to the one just disposed of, counsel for defendants, in his brief, relying on Ekman v. Vallery, 185 La. 488, 169 So. 521, contends that since “a forfeiture provision as contained in the contract or ‘Bond for Deed’ in this case is void,” for this reason “alone, defendants cannot be dispossessed from their property in a summary manner as provided by the Act of 1938 * * *y>
 

 The Vallery case'is only authority fpr the proposition that the provisions in the bond for deed contract that seek to have the payments and installments paid forfeited as well as the expenditures for improving the property, are void when the amounts being forfeited as damages under such provisions are so excessive as to be punitory or exemplary. In that case, under the facts as found by the court, it was decreed that the contract be annulled and cancelled 'upon the return to the defendant of all payments made on the property and the value of the improvements that had been made thereon by her, less a fair rental value for the use of the property.
 

 In
 
 the instant case it appears on the face of the record that the defendants have not even met the interest payments on the principal indebtedness. Consequently, it cannot be said that the payments made by them exceed a fair rental value for the property.
 

 While these cases were pending on appeal in this court, counsel for defendants, relying on the case of Louisiana Truck & Orange Land Co., Ltd., v. Page, 199 La. 1, 5 So.2d 365, injected yet another issue
 
 *454
 
 into the case by pleading prescription of ten years.
 

 In the Page case, the court held that suits to set aside sales of real estate for the nonpayment of the purchase price are personal actions, prescribed by ten years under Article 3544 of the Revised Civil Code. But we are not here dealing with sales of real estate. We are confronted with a contract to sell, where the title remains in the vendor. Furthermore, the evidence in the record shows the parties in these two cases considered the contracts alive as late as 1940, for they were then negotiating under them. It therefore follows that the prescription pleaded is ■ without merit.
 

 For the reasons assigned, the judgments appealed from are affirmed, at the cost of appellants.
 

 McCALEB, J., takes no part.
 

 ROGERS, J., absent.