Frank Catania, the plaintiff in these proceedings, seeks to evict Willie Miles from the premises No. 1220 Dumaine Street, in the City of New Orleans, owned by him, upon the ground that Miles is a trespasser.
There was judgment below in plaintiff's favor as prayed for and defendant has appealed.
The proceeding is brought under the provisions of Act 298 of 1938, which authorizes a landowner to eject "sharecroppers, half hands, day laborers or other occupants of houses, buildings or landed estates (other than tenants or lessees) where the purpose of such occupance has ceased or terminated."
The defendant, Willie Miles, contends that this Act has no application because he is a subtenant of Catania.
It appears that for several years one, Willie Brown, was the tenant of Catania and that on July 13, 1945, he wrote a letter to Catania informing him that he had purchased the premises 3413-15 Willow Street and that his tenant in the Willow Street property was anxious to exchange houses with him, the tenant being Willie Miles. No reply was made to this letter and defendant's counsel contends that the silence of Catania should be construed as approval of his plan to substitute Willie Miles as his tenant.
In the early part of September, Willie Brown, having paid his rent in advance for that Month, moved out and Willie Miles moved in, whereupon Catania appealed to the police and attempted to eject Willie Miles. The police declined to interfere when informed that the rent had been paid in advance, whereupon Catania sought legal advice and, on October 20, 1945, served a five day notice to vacate upon Miles as provided in the Act of 1938. Miles failed to vacate and this suit followed.
Article 2725 of the Revised Civil Code reads as follows:
"Right to sublease premises. — The lessee has the right to underlease, or even to cede his lease to another person, unless this power has been expressly interdicted.
"The interdiction may be for the whole, or for a part; and this clause is always construed strictly."
The lease between Catania and Willie Brown was a verbal one which reconducted itself from month to month. Conceding for the purpose of argument that Willie Brown had the right to surrender to Willie Miles the occupancy of the premises in September when he was the lessee, it is apparent that in October Willie Miles, who occupied the premises by authority of Willie Brown, and had no dealings whatever with Catania was not a lawful occupant of the premises' since Brown had notified Catania that he did not intend to lease the premises beyond such time as he could get possession of the property that he had purchased on Willow Street. As to the letter of July 13, 1945, Catania testified that while he did not answer this letter he had told Willie Brown verbally that he would not consent to his subleasing the premises, as appears from the following excerpt from *Page 347 
his testimony: "Willie Brown bring a dozen people, judge, if I would give the house. I said no. All the time I wanted my house."
Willie Miles does not pretend to have had any agreement with Catania, but he insists that he had rented the property from Brown. Whether Brown could have shed any light on the subject we do not know, because he did not testify. However, we do not see how Willie Miles can be said to be a tenant or subtenant of Catania, with whom he had no dealings and who consistently and violently opposed his occupying the premises. Whatever right Brown had to bargain with Miles, under the Article of the Code which we have quoted, as long as he was a tenant of Catania, he could not negotiate for, or contract away, the occupany of Catania's house after he ceased to be a tenant and in the face of Catania's opposition.
Our conclusion is that the judgment appealed from is correct, consequently, and
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.