ELLIS, Judge.
This is a summary proceeding under LSA-RS 13:4911-1917 by which the plaintiff is seeking a judgment condemning the defendant to vacate the premises of the plaintiff and to deliver possession of same to him, and decreeing that upon defendant’s failure to comply with the judgment within 24 hours after its rendition that a writ of possession issue in accordance with the law.
The defendant filed an exception of no cause of action and no right of action which was overruled by the judge of the District Court, and after trial on the merits there was judgment in favor of the plaintiff as prayed for, from which judgment the defendant has appealed.
The exceptions of defendant, which are reurged, are founded upon the ground that the plaintiff’s petition does not allege that the defendant was a tenant or a trespasser or that he is without any right to be occupying a portion of plaintiff’s land, and that a summary proceeding is not allowed under the law.
An examination of plaintiff’s petition reveals that defendant has been occupying the property described in the petition through plaintiff’s accommodation. The law in question, LSA-RS 13:4911 and 4912 is as follows:
“When any share-cropper, half hand, day laborer, or any occupant of land holding through the accommodation of the owner, or any other occupant other than *269 a tenant or lessee, shall be in possession of any house, building or landed estate, after the purpose of such occupancy and possession shall have ceased and terminated, whether for reason of breach or termination of contract, or otherwise, and the owner of such house, building or landed estate so occupied and possessed, or his agent, shall desire to obtain possession of the premises, he shall demand and require in writing such occupant or possessor to remove from and leave the same, allowing him five calendar days from the day such notice is delivered.
“If the occupant or possessor, whether he be a sharecropper, half hand, day laborer, occupant of premises through the accommodation of the owner, or occupant other than a tenant or lessee, shall refuse to comply with the notice, after the expiration of such delay, and to remove from the premises, the landowner may cause the occupant or possessor to be cited summarily to show cause, within two days after service of such rule, before any court of competent jurisdiction, why he should not be condemned to surrender the possession of the premises so occupied and possessed.”
Thus, it is clear that defendant’s contention on this ground is not well founded, neither is his objection to the use of summary process herein.
Plaintiff further alleged that he had given written notice to the defendant of his desire to terminate defendant’s occupancy of the property. Thus, for ' the reasons given the exception is not well founded and the ruling of the district court is correct.
Defendant contends on the merits that the plaintiff did not prove that he (defendant) was the possessor within the meaning of the statute nor that his right of possession had terminated so as to entitle plaintiff to the summary process. The evidence reveals that plaintiff had occupied the property in question prior to purchasing it, that he became the owner qf the property and proved title, in himself and that he had had it surveyed and that defendant was living with his family in a camp boat on a part or the property prior to and at the time he purchased.it; that defendant had continued to occupy but that plaintiff, in order to erect improvements, desires the defendant to vacate and, therefore, gave him notice as required by the Act. The defendant attempted to establish the fact that he occupied the site by authority of an oral permission from the United States Engineers but the record fails to show what right the Engineers had on the property.
In the words of the District Judge in his reasons, “In effect the law covers every occupancy of premises, other than that involving the relationship of landlord and tenant, where the occupant occupies the property of another, not' as owner. It permits the owner to evict the occupant holding through his accommodation, whenever he desires.”
There can be no doubt but that plaintiff under the proven facts in this case was entitled to proceed under the statute, supra.
The Court of Appeal of Orleans Parish, in the case of Duvic v. Home Finance Service, 23 So.2d 790, 791, stated the purpose of this law in the following words: “In other words, Act No. 298 of 1938 grants to owners of property a summary remedy of ejectment in cases not falling within the provisions of the Revised Statutes, above mentioned, and provides a speedy method for the ouster of illegal possessors, thus relieving landowners of the burdensome expense and delay occasioned by a petitory action, in matters where the possessor has no semblance of claim to title or possession.” See also Ryan v. Barthelmy, La.App., 32 So.2d 467.
Defendant cites and relies upon the case of Crabtree v. Bordelon, La.App., 31 So.2d 890, 891. In that case the court held: “One of the essential requirements was that plaintiffs show that the purpose of defendant’s occupancy and possession had ‘ceased and terminated, whether for reason of breach or termination of contract, or otherwise.’ Plaintiffs having failed to *270 make the required proof, their demand was properly rejected.” •
In the present case, plaintiff has proven that the defendant’s occupancy was “through the accommodation of the owner (plaintiff)”. Also, plaintiff proved that “the purpose of such occupancy” has terminated by his notification to the defendant to move. Plaintiff has proven all that was required of him, and defendant’s contentions are not we'll founded. See Wooten v. Jones, 205 La. 956, 18 So.2d 581; Duvic v. Home Finance Service, La.App., 23 So.2d 790; Catania v. Miles, La.App., 25 So.2d 346; Provenza v. Provenza, La.App., 29 So.2d 68; Ryan v. Barthelmy, La.App., 32 So.2d 467; Sance v. Monroe, La.App., 39 So.2d 174; Wooten v. Jones, 200 La. 333, 8 So.2d 46; Louisiana Delta Farms Co. v. Davis, 202 La. 445, 12 So.2d 213; Brown v. Weldon, La.App., 199 So. 620.
Judgment affirmed.