PER CURIAM.
The appellants have filed an application for a rehearing in this cause recalling the rule-nisi and dismissing the application for a writ-of mandamus and prohibition, and attached to their application is a copy of the decision of the Court of Appeal, Parish ■of Orleans.
We dismissed the application because we considered that we did not have jurisdiction of the matter because it was a summary proceeding instituted by the plaintiffs under the provisions of LSA-R.S. 13:4911 et seq. Our decision was based on the ground that the district court and the justice of the peace court had concurrent jurisdiction,- and that the matter in dispute did not exceed $100.
We 'reasoned that the contract relation between plaintiffs and defendants was in the nature of a rental agreement, and that defendants’ possession and occupancy of the houses in question wás by virtüe of their continuous employment and that the plaintiffs had the right to pursue their remedy under LSA-R.S. 13:4911. If we were right in our holding that the nature of the contract between plaintiffs and defendants was a rental or lease agreement, and the amount involved did not exceed $100, then we would not have appellate jurisdiction. In order to determine the nature of the agreement between plaintiffs and defendants, it is necessary to examine the articles of the LSA-Civil Code, or Chapter 1 dealing with the subject and nature of the contract of lease. Article 2673 reads:
“There are two species of contracts of'lease, to wit:
"1. The letting out of things.
“2. The letting out of labor or industry.”
Article 2674 reads:
“To let out a thing is a contract by which one of the parties binds himself to grant to the other the enjoyment of a thing during a certain time, for a certain stipulated price which the other binds himself to pay him.”
Article 2675 reads:
“To let out labor or industry is a contract-by which one of the parties binds himself .to do something for the other, in consideration of a certain price agreed on by them both.”
Article 2676 reads:
“The letting out of things is of two kinds, to wit;.
“1. The letting out houses and movables.
“2. The letting out predial or country estates.”
Article 2677 reads:
“He who grants a lease is called the owner or lessor. He to whom a lease is made is called the .lessee or tenant.”
Article 2678 reads:
“All corporeal things are susceptible of being let out, movable as well as immovable,. excepting those which can not be used without being destroyed by that very use.”, .
Appellants in these cases are fárm laborers and, as a part of the remuneration they received for their services, they were furnished by plaintiffs or appellees a house to occupy and reside in during their con--tinuous employment with the sugar companies. As long as appellants were • retained in the services of appellees as farm - laborers, they were permitted to occupy ap-pellees’ houses. Their occupancy and possession of the premises were contingent on remaining in the employ of appellees. If this arrangement was not a rental agreement under the contract, then under what kind of agreement can it be classified under the codal laws of this State ?
LSA-R.S. 13:4911 et seq. provides that the following persons are subject to be removed under the provisions of that statute: Sharecropper, half hand, day laborers, and any occupant of land holding through the accommodation of the-owner. Because he is classified by these names and not as a tenant or lessee does not prevent him from *90 coming under the constitutional provision, Section 48, Article 7, providing that justice of the peace courts shall have concurrent jurisdiction with the district court in all civil matters when the amount in dispute shall not exceed $100, exclusive of interest, including suits for the possession or ownership of movable property not exceeding said amount in value, and in suits of landlords for the possession of leased premises, where the monthly or yearly rent or the rent for the unexpired term of the lease does not exceed said amount.
Before the enactment of Act No. 298 of 1938, which is now LSA-R.S. 13:4911-4917, a landowner would have had to resort to the provisions of LSA-R.S. 13:4918 to regain possession of the houses and premises now occupied by appellants. In the former statute, a notice of 5 days is required, while in the latter, a notice of 10 days is required at certain times, depending on the nature and character of the contract. To say that the District Court had concurrent jurisdiction with the justice of the peace court under lease agreements under the latter statute and to say that they did not have concurrent jurisdiction in cases involving contracts under agreements covered by the former is to say that the whole does not include all of its parts. It is our opinion that the persons occupying the premises, under Section 4911 of LSA-R.S. 13, under a lease is of an inferior or lesser grade than that denominated under LSA-R.S. 13:4918. Does classifying them in the manner the Legislature did destroy the relation of landlord and tenant insofar as the question of jurisdiction is involved?
The very purpose of these statutes is to prevent a landowner the trouble and vexation of bringing a petitory action to eject an illegal possessor or occupant. Brown v. Weldon, La.App., 199 So. 620, 621, Catania v. Miles, La.App., 25 So.2d 346, Duvic v. Home Finance Service, La.App., 23 So.2d 790. This court said in Martin v. Louisiana Public Utilities Co., 13 La.App. 181, 127 So. 470:
“Contract of water company to connect plaintiff’s property with its sewer so long as plaintiff continued to purchase water constituted rental agreement.”
There is no difference between the cited case and the case at bar in that relators were to occupy respondent’s houses as long as they continued in respondent’s employ as a part of their remuneration.
It is obvious that the Legislature had in mind the various constitutional provisions vesting district courts and justice of the peace courts with concurrent jurisdiction' in certain types of cases- when these statutes were enacted providing for summary proceedings. To interpret the provisions of the Constitution vesting district courts with exclusive jurisdiction and district courts and justice of the peace courts with concurrent jurisdiction and appellate jurisdiction of this court with the statutes under which this proceeding is brought as the Court of Appeal for the Parish of Orleans has done, is an interpretation of the constitutional provisions and statutory enactments which must lead to consequences mischievous and absurd, and which we decline to follow.
“An interpretation which must lead to consequences both mischievous and absurd is inadmissible, if the statute is susceptible of another interpretation whereby such consequences may be avoided. The legislative intention must be honestly sought after and faithfully executed, if not in conflict with a paramount law. And, in cases like the present, we are authorized to search for that meaning, not merely in the words of the statute itself, but in the subject matter, in the history of the legislation thereupon, in the purpose of the new law, the reason of its enactment, and the evil it sought to remedy. Ardry v. Ardry, 16 La. [264] 268; Cox v. Williams, 5 [Mart.] N.S. [139] 140; Commercial Bank v. Foster, 5 [La.Ann.] 516.” State ex rel. Holmes v. Wiltz, 11 La.Ann. 439.
There is no conflict in our interpretation with the constitutional provision fix *91 ing the concurrent jurisdiction of district courts and justice of the peace courts and the jurisdiction of appellate courts.
For the foregoing reasons, the application for rehearing is refused.