On First Applications for Rehearing.
PER CURIAM.
It has been brought to our attention by both parties to this ejectment suit that defendant Dixon filed an answer including a reconventional demand asking to be recognized as owner of the land by 30 years acquisitive prescription, thus converting the action into a petitory suit.
Since as held in our original decree in the companion suit of Dixon v. Zemurray, reported above at 82 So.2d 281, Dixon did not possess land subject to and described in the agreement to purchase (S% of SEj4 of NEj4, Section 33, Township 4 South, Range 9 East) as owner, Articles 3487, 3500, LSA-Civil Code (although possibly so possessing lands outside’ this description), our original decree in this ejectment suit, Civil Docket No. 15969, Tangipahoa Parish, should be and hereby is amended, as follows :
“It is further ordered, adjudged and decreed that the defendants’ demand to be recognized as owner of land within the Sy2 of SE¡4 of NE%, Section 33, Township 4 South, Range 9 East, is dismissed, with prejudice; their demand for recognition of ownership of land outside these limits is dismissed as of non-suit. All other reconven-tional demands of defendants asserted in their answer herein are dismissed with prejudice. Cost of this ejectment suit and of the appeal therein is to be paid one-half by plaintiff, one-half by defendants.”
The plaintiff-appellee Zemurray, owner of the land, has also urged that as owner he is entitled to ejectment of “any other occupant than a tenant or lessee * * in possession of any” land owned by him under LSA-R.S. 13 :4911. And it is certainly true that the so-called “Share-Cropper Act” cited is available to an owner seeking to recover possession of land from one in possession under an agreement to purchase same, who has defaulted in his obligations, Louisiana Delta Farms Co. v. Davis, 202 La. 445, 12 So.2d 213; Brown v. Weldon, La.App. 1 Cir., 199 So. 620.
However, in the present suit (unlike the cited cases) the plaintiff pleaded a specific lease contract (which we held never to have been executed by the so-called lessee and to be an absolute nullity, see Dixon v. *290 Zemurray, La.App., 82 So.2d 281), thus bringing suit not under the “Share-Cropper Act” but instead under LSA-R.S. 13:4918 applying to landlords and tenants. The relationship of landlord and tenant never came into existence between the plaintiff and the defendant herein, and therefore his suit brought under LSA-R.S. 13:4918 applying only to landlords and tenants must be dismissed. See Duvic v. Home Finance Service, La.App., 23 So.2d 790, so holding in reverse circumstances where suit brought under the Share-Cropper Act, LSA-R.S. 13:-4911, against a sub-tenant was dismissed as not having been properly brought under the landlord-tenant statute of LSA-R.S. 13 :- 4918.
Of course, had suit been brought under the proper Act, or had plaintiff herein relied in the alternative on an ej ectment under the “Share-Cropper Act”, then the relief requested would be available to him.
Applications for rehearing denied; and the judgment herein as amended is reinstated. Both parties are reserved the right to apply for a rehearing herein, in view of our amendment of the judgment herein.