137 So.2d 387 (1962)
Mamie CORALE, widow of Alexis J. RICHARDS, Sr., now wife of Theodore LEINHARDT, et al.
v.
MARRERO LAND AND IMPROVEMENT ASSOCIATION, LTD.
No. 245.
Court of Appeal of Louisiana, Fourth Circuit.
February 5, 1962.
*388 Louis H. Marrero, III, Marrero, for defendant-appellant.
George B. Richard, Marrero, for plaintiffs-appellees.
Before REGAN, YARRUT and HALL, J. pro tem.
YARRUT, Judge.
Defendant-Appellant appeals from a judgment of specific performance in favor of Plaintiffs-Appellees, compelling Defendant to deliver title to certain acreage in Jefferson Parish sold by Defendant under a "Bond for Deed" contract, and fixing the amount of $6852.18 as the balance due by Plaintiffs for the specific performance.
Plaintiffs are the widow and heirs of Alexis J. Richards, Sr., with whom Defendant made the Bond for Deed agreement, having been recognized as such widow and children by a judgment of court in the Succession of Alexis J. Richards, Sr.
Defendant contends that the contract was an "Agreement of Sale" and not a "Bond for Deed." Under the terms of the contract, regardless of its label, upon default in the payment of four monthly installments, Defendant had the option either to demand specific performance, or cancel the agreement and retain all installment payments as earnest money.
Irrespective of what label the parties may have given the agreement, under LSA-R.S. 9:2941 such an agreement is defined as a "Bond for Deed," as follows:
"A bond for deed is a contract to sell real property, in which the purchase price is to be paid by the buyer to the seller in installments and in which the seller after payment of a stipulated sum agrees to deliver title to the buyer."
LSA-R.S. 9:2945 provides that, when the buyer in such a Bond for Deed contract shall be in default, the seller must give him forty-five days written notice, with a demand for payment, before seller can demand cancellation.
The record discloses these pertinent and controlling facts: In 1948 Mr. and Mrs. Richards, Sr. acquired 10.41 acres in a subdivision in Jefferson Parish, for the price of $5725, payable in monthly installments of not less than $10 nor more than $215. After executing the agreement, Richards built a home on the land at a cost of $8000 and moved in with his family.
Irregularly, and without protest from Defendant, Richards (until Richards, Sr. died in 1951, and thereafter his widow and children) made installment payments until August 3, 1956. On August 3, 1956 Defendant wrote Plaintiffs that they were in arrears more than four monthly installments, and demanded Plaintiffs leave the property or remain and pay rent; that Defendant elected to waive its right to specific performance, and would retain all payments theretofore made as earnest money.
A few days following the receipt of the above letter of default and cancellation, one of Plaintiffs called at Defendant's office to inquire about the letter and to obtain the amount delinquent, which amount was tendered to Defendant's representative at the time, but refused. Subsequently (27 days later) Plaintiffs sent Defendant a bank cashier's check for $6852.18 as the entire balance due, as per statement given by Defendant. Defendant returned the cashier's check, insisting upon its right of cancellation, and the retention of all payments as earnest money. This suit for specific performance resulted.
Defendant's sole contention is that this agreement is one of sale and not a Bond for Deed. The literal terms of the controlling statute show clearly that this is a Bond for Deed. Even if it were an agreement of sale, and there were no applicable *389 statute defining a Bond for Deed and fixing the rights of the parties, Defendant could not recover. Having indulged Plaintiffs in making late payments and lulling them into a false sense of security over a period of eight years, Defendant would first have had to put them in default with notice that, in the future, prompt payment must be made in accordance with the terms of the agreement.
There is no difference in principle between the late payment of rent and the late payment of installments due under Bond for Deed, and the same rule should apply to both. In landlord-and-tenant cases, it has been uniformly held that, where a lessor, month after month, has without objection or protest, accepted the rent after its due date, he cannot without previous notice to his tenant, claim a forfeiture of the lease on failure to make prompt payment of the rent.
Bonnabel v. Metairie Cypress Co., 129 La. 928, 57 So. 271; Standard Brewing Co. v. Anderson, 121 La. 935, 46 So. 926; Boulevard Investment Corporation v. Boulmay, La.App., 79 So.2d 917.
However, since the agreement is a Bond for Deed under the applicable statute, Plaintiffs were entitled to forty-five days notice of default. After such notice was given and within a period of much less than forty-five days, Plaintiffs tendered a cashier's check for the full balance due, which Defendant refused and insisted upon cancellation.
Defendant contends that this case is governed by LSA-R.S. 13:4911-13: 4917 authorizing ejectment by landowners of sharecroppers, etc. and not by the provisions of the Bond for Deed statute quoted above, and cites Louisiana Delta Farms Co. v. Davis, 202 La. 445, 12 So.2d 213. The Sharecroppers' Act is a procedural statute. The question here is not one of procedure but one of substantive right. Had the Defendant sought to eject Plaintiffs from the land it could have proceeded under the Sharecroppers' Act, but since this is a suit by Plaintiffs to enforce the substantive right of specific performance, ordinary suit by petition and citation was proper. The Sharecroppers' Act is therefore inapplicable here.
For the reasons assigned, Plaintiffs were entitled to specific performance and the judgment of the district court ordering specific performance upon payment at the act of transfer of the amount of $6852.18 is correct, and the judgment is affirmed; Defendant to pay costs in both courts.
Affirmed.