427 So.2d 1356 (1983)
R & R LAND COMPANY, Plaintiff-Appellee,
v.
Daisy Mae LAWSON, Defendant-Appellant.
No. 15223-CA.
Court of Appeal of Louisiana, Second Circuit.
February 22, 1983.
Rehearing Denied April 7, 1983.
*1357 Charles Blaylock, Monroe, for plaintiffappellee.
Clyde Lain, Monroe, for defendant-appellant.
Before PRICE, HALL and SEXTON, JJ.
PRICE, Judge.
Defendant appeals an eviction judgment rendered by the Monroe City Court ordering defendant to vacate certain premises located at 1501 Eagle Street in the City of Monroe. We reverse the judgment appealed.
On December 19, 1966, J.O.B. Company, Inc., acting through its president, Oma G. Fleming, executed a mortgage on the following property:
Lot 1, Block 25, Unit 12, Booker T. Washington Addition to the City of Monroe, Ouachita Parish, Louisiana,
which is the subject of this appeal, in favor of any future holder of the secured promissory note. On October 9, 1967, Fleming entered into a "contract for deed" with defendant for that same property. That contract was recorded on April 24, 1968. Defendant resided at the address in question from 1967 until the filing of this eviction suit.
Under defendant's agreement with Fleming, she was to pay $67.95 per month to Fleming until the credit portion of the price, $7,100, was paid off. When 60% of the credit portion had been paid Fleming was to deliver title to the defendant. American Bank & Trust Company in Monroe (hereinafter American Bank) acted as agent for Fleming in the collection of these monthly payments made by defendant.
By sheriff's deed dated February 4, 1969, the lot in question, along with other property belonging to Fleming and J.O.B., Inc., was adjudicated to American Bank pursuant to a writ of fi. fa. issued on a judgment in a suit by the bank against Fleming.
At that time, American Bank allowed defendant to remain in possession of the premises and continued to accept her monthly payments on the property. From that time until May 25, 1982, American Bank accepted numerous monthly payments from defendant.
On May 28, 1982, American Bank sold the property in question to R & R Land Company. That partnership instituted this eviction proceeding on June 4, 1982. Defendant raised the "contract for deed" executed between Fleming and herself as a defense in the eviction suit. However, those allegations were stricken from her pleadings.[1] Additionally, defendant filed an exception to the subject matter jurisdiction of the city court which was overruled. The judgment ordering defendant to vacate was signed on August 27, 1982. From that judgment defendant perfected this appeal, contending that the plaintiff is not entitled to a judgment of eviction against her.
Louisiana Code of Civil Procedure Art. 4702 specifically provides for use of the summary eviction procedure against an occupant other than a tenant as follows:
"When an owner of immovable property wishes to evict the occupant therefrom, after the purpose of the occupancy has *1358 ceased, the owner, or his agent, shall first cause a written notice to vacate the property to be delivered to the occupant.
This notice shall allow the occupant five days from its delivery to vacate the premises."
The definition of occupant includes:
"... a sharecropper; half hand; day laborer; former owner; and any person occupying immovable property by permission or accomodation of the owner, former owner, or another occupant, except a mineral lessee, owner of a mineral servitude, or a lessee of the owner." LSA-C. C.P. art. 4704.
It has been specifically held by Louisiana courts that one in possession of property by virtue of a bond for deed contract, or contract for deed, such as that claimed by this defendant, is in the position of
"... an occupant of the property other than as tenant or lessee, and at the sufferance of the owner, and he is subject to be ejected the same as a tenant who has breached his lease or whose lease has expired." Brown v. Weldon, 199 So. 620 (La.App. 1st Cir.1941); at 623; see also Louisiana Delta Farms Co. v. Davis, 202 La. 445, 12 So.2d 213 (1942).
It is clear that defendant's possession of the property, since pursuant to her "contract for deed", was through the accomodation of the former owner.
In an eviction proceeding against an occupant, plaintiff is required to make a prima facie showing of title to the property, prove that the defendant is an occupant within the meaning of LSA-C.C.P. art. 4704, and show that the purpose of the occupancy has ceased. LSA-C.C.P. art. 4702, supra; Stroughter v. Shepherd, 207 So.2d 865 (La.App. 4th Cir.1968); Todt v. Santani, 167 So.2d 475 (La.App. 4th Cir. 1964).
Plaintiff introduced its chain of title to the property into evidence: the act evidencing acquisition of the property by Fleming and/or his corporation, the mortgage granted on it by Fleming in favor of the bank, the sheriff's deed showing the bank's acquisition of the property at the sheriff's sale, and plaintiff-partnership's acquisition of it from the bank. It was also shown that the parties to this suit had no agreement with regard to defendant's continued occupancy of the property.
Plaintiff is apparently proceeding on the assumption that the sale of the property in question under a writ of fi. fa. to the bank had the effect of rendering defendant's rights under the contract for deed agreement unenforceable against any subsequent transferee of the bank relying on the face of the public records.
This position might have merit if the transfer of the property to the bank had been pursuant to a foreclosure on its December 19, 1966 mortgage on the property which was recorded prior to the contract for deed. However, the seizure and sale was under a writ of fi. fa. issued on a money judgment in favor of the bank. We do not know any facts with respect to the date of the judgment or its recordation.
The adjudication of property under a writ of fi. fa. transfers to the purchaser all rights and claims of the judgment debtor as completely as if the judgment debtor had sold it. LSA-C.C.P. art. 2371. By the same token, the adjudicatee at such a forced sale takes the property subject to any real charges superior to the mortgage, lien or privilege under which the property was seized. LSA-C.C.P. art. 2372.
The record gives no indication that the property did not remain subject to defendant's charge on it by virtue of the contract for deed despite the forced sale. Plaintiff has failed to show that the judgment under which the sale was made was superior to the claim under the contract for deed. This court cannot assume that the defendant's rights in the property were extinguished upon the bank's acquisition thereof. Furthermore, this plaintiff can have no greater rights in the property than its vendor, the bank, since the documents evidencing the transaction affecting the property are matters of public record.
Moreover, the record contains no probative evidence showing that defendant was *1359 in default under the contract for deed or that her right of occupancy had been terminated by giving the notice required in the contract if she were in default.
Since the record does not clearly show that defendant's rights under the contract for deed have been terminated, the plaintiff has failed to prove that the purpose of the occupancy has ceased, which is one of the essential elements for an eviction under LSA-C.C.P. art. 4702.
For the reasons assigned, the judgment appealed ordering the eviction of defendant, Daisy Mae Lawson, from the premises now occupied at 1501 Eagle Street, in the City of Monroe, State of Louisiana, is reversed and plaintiff's demands against defendant are dismissed at its costs, including this appeal.
REVERSED and RENDERED.
NOTES
[1] The defendant's contract for deed is nevertheless a matter of record as a certified copy thereof was introduced into evidence by both parties.