460 So.2d 1152 (1984)
Margie HINES, Plaintiff-Appellee,
v.
Claude A. DANCE, Jr., Defendant-Appellant.
No. 16685-CA.
Court of Appeal of Louisiana, Second Circuit.
December 5, 1984.
*1153 Evans, Feist, Auer & Keene by George H. Mills, Jr., Shreveport, for defendant-appellant.
Bowers & Bowers by Burt A. Bowers, Shreveport, for plaintiff-appellee.
Before MARVIN, FRED W. JONES, Jr. and NORRIS, JJ.
MARVIN, Judge.
The defendant purchaser of a Shreveport lot at a city tax sale in 1978 appeals a judgment annulling his tax deed.
Defendant contends that the 1964 instrument by which the plaintiff claims to have acquired the lot should not have been construed as being translative of title and, alternatively, that the trial court failed to order plaintiff to pay him the proper amount of costs and taxes that he had paid for and since the 1978 tax sale. LSA-Const. Art. 7, § 25; LRS 47:2221. Defendant also complains that he should not have been solely assessed with costs in this action. CCP Art. 1920. We affirm.

FACTS
The instrument in question was prepared by the attorney for the owner of the property in 1964, a Mrs. Bredthauer. Both Mrs. Bredthauer and her attorney died before this action was instituted. The instrument was recorded shortly after it was *1154 executed. The trial court called the instrument ambiguous, less than precise, but found it to be translative of title as a credit sale containing security provisions in favor of the styled "vendor," Mrs. Bredthauer. Plaintiff Mrs. Hines is styled "vendee" in the instrument. The trial court further identified Mrs. Hines, a widow, as a kitchen worker in a local hospital who had only a "limited education."
Mrs. Bredthauer died in 1977 while living with her daughter, Mrs. Price, in Lake Charles. Mrs. Price testified that her mother believed she had sold the property to Mrs. Hines in 1964 when the instrument was executed and when Mrs. Hines moved into the residence on the property which she has since occupied. Mrs. Hines testified to the same effect. Three months after this action was filed Mrs. Price and Mrs. Hines executed and recorded a "correction" deed declaring the effect of the 1964 "deed."
Neither party contests the principle derived from constitutional and statutory authority that notice of a tax delinquency to the person designated as owner on the tax assessor's rolls is not sufficient to support a tax deed if the conveyance records show that another person is the owner. Recker v. Dupuy, 160 La. 392, 108 So. 782 (1926); Cook v. Morgan, 142 So. 279 (La. App. 2d Cir.1932); Di Giovanni v. Cortinas, 216 La. 687, 44 So.2d 818 (1950). See LSA-Const. Art. 7, § 25; LRS 47:2180.
The legal issue is relegated to how the 1964 instrument is to be construed and characterized. In part, it reads:
"Vendor agrees to sell, and vendee agrees to buy ... upon the terms and conditions hereafter recited, the following property ...
"Lot 12, etc. ...
"The consideration ... is ... $6,500, with... interest from date, payable in monthly installments of $65 each ... applying in the order following:
½ of a sufficient amount to cover annual taxes and hazard insurance ... "Interest ...
"... [P]rincipal
"Upon default ... vendor shall have the right to cancel ... this contract, and retain all payments made as liquidated damages ...
"There shall be maintained ... hazard insurance ... in vendor's name.
"Vendee will keep the improvements ... in good repair ..."
Mrs. Hines paid each installment on the note, which was placed by Mrs. Bredthauer with a Shreveport bank for collection. Tax notices after 1964 were mailed to Mrs. Bredthauer in Lake Charles. Mrs. Bredthauer paid the annual taxes until her death in 1977.
A delinquent tax notice for 1977 city taxes was mailed to Mrs. Bredthauer in Lake Charles by certified mail. Mrs. Price signed for the letter. Taxes were not paid, however, and defendant purchased the lot at tax sale in July 1978 for the delinquent 1977 city taxes.
A Sheriff's tax sale, for delinquent taxes owed the state and parish was conducted in May 1978 and the property was sold at that sale to one George Gorsulowsky. Mrs. Hines learned of these tax sales in 1980 when she sought to use her home as security for a loan. She later bought the interest Gorsulowsky acquired from the Sheriff's tax sale. This action was filed in 1983 to annul the 1978 tax deed to defendant from the city.
We find no error in the trial court's conclusions and, as here summarized, we adopt reasons for judgment given by the trial court. The instrument at best is ambiguous. It is not, however, a bond for deed contract under LRS 9:2941, as defendant contends, because it does not comply with the statutory provisions which require the contract to contain a provision to the effect that seller, after receiving payment of a stipulated sum, agrees to deliver title to the buyer.
A contract of sale is complete when the parties concur on three circumstances: the thing sold, the price, and the consent. La. CC Art. 2456. The conclusion *1155 that this instrument should be construed as a credit sale with some security provision for the vendor is not clearly wrong. The vendee-debtor was paying first the taxes, then insurance, then interest, and finally principal each month to the vendor-creditor, apparently to assure the vendor-creditor that sufficient funds would be available to pay taxes and insurance as they became due and in whatever amount was owed from time to time. This does not create an uncertainty in the price of the thing, but indicates a security device similar to that which is contained in conventional vendor's lien-credit sales in private and in commercial transactions. Similarly, vendee's obligation to keep the improvements in good repair at vendee's expense protects the vendor's security interest. The remaining part of this paragraph, that vendee advise "vendor in advance of such improvements," adds to the ambiguity of the instrument, but does not negate or refute vendee's obligation to maintain the improvements or indicate that the vendor retained ownership or title to the lot and the improvements.
Defendant cites Peck v. Bemiss, 10 La. Ann. 160 (La.1855) in support of his argument that the language of the present contract is not translative of title but is a promise of sale instead of a contract of sale. In Peck, the instrument contained somewhat similar language. Peck, however, construed the language of that ambiguous contract in the light of the surrounding circumstances. In Peck, the buyer never went into possession of the property, and the buyer knew when the instrument was executed that another, not the seller, had been in possession for many months.
Peck is inapposite, because in the present case the surrounding circumstances show the intent and the ability of the parties to perfect a contract of sale when they executed the instrument and placed it of record.
Scott v. Apgar, 238 La. 29, 113 So.2d 457 (1959); Louisiana Delta Farms Co. v. Davis, 202 La. 445, 12 So.2d 213 (1942); and Page v. Loeffler, 146 La. 890, 84 So. 194 (1920), also cited by appellant, are inapposite except that they recognize that a contract to sell is not translative of title. A tax sale in any event, illustrates the rule of "caveat emptor." Lindner v. City of New Orleans, 116 La. 372, 40 So. 736 (1906); Jones v. Police Jury of Cameron Parish, 5 La.App. 336 (1st Cir.1927).

APPELLANT'S RECOVERY
The testimony of the city, and the state and parish tax collector's respective representatives and the testimony of defendant simply show that defendant paid only the amount awarded by the court. There is some indication of payment of taxes by Gorsulowsky or others during the 1978-1980 period, but no evidence of payment by defendant. We find no error in this respect by the trial court.

COURT COSTS
The statutory and constitutional costs, which defendant says should include court costs incurred in this action, generally have been recognized as costs that are charged for the tax deed and for the advertisement of the delinquency and pending sale. These "costs" have been construed not to include a tax purchaser's attorney fees incurred in an action to compel him to execute a redemption deed. Builder's Lumber & Supply Co. v. Jordan Lands, Inc., 228 So.2d 359 (La.App. 3d Cir.1969), writ refused. The statutory and constitutional costs should not include, in our opinion, court costs assessed against a tax sale purchaser in an action to annul his tax deed.
Court costs were assessed in accord with CCP Art. 1920. The trial court has some discretion under this article to consider a more equitable assessment but cannot be compelled to exercise that discretion by the mere urging of a litigant. Appellant's contention that he should not have to pay because he had offered to "amicably settle" also does not avail him because the litigants apparently could not agree on what amounts defendant had paid after the *1156 tax deed was executed to him. Appellant did not prove to the trial court or to us that he paid more than the trial court awarded.

DECREE
At the cost of defendant-appellant, the judgment is AFFIRMED.