| | | |
|---|---|---|
| ENGINE 22, LLC | * | NO. 2021-CA-0188 |
| VERSUS | * | |
| | | COURT OF APPEAL |
| LAND & STRUCTURE, LLC | * | |
| | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

**CONSOLIDATED WITH:**                    **CONSOLIDATED WITH:**

**LAND & STRUCTURE, L.L.C.**               **NO. 2021-CA-0189**

**VERSUS**

**MARIE EVA YAEGER KERN,
MARIE FRANCIS KERN
CUCULLU, ENGINE 22, L.L.C.,
GKSIR, L.L.C., GREGORY K.
SURREY, DAVID POSNER, CITY
OF NEW ORLEANS**

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2016-00581, DIVISION "A"
Honorable Ellen M Hazeur, Judge
* * * * * *
**Judge Daniel L. Dysart**
* * * * * *
(Court composed of Judge Roland L. Belsome, Judge Daniel L. Dysart, Judge
Tiffany Gautier Chase)


John A. E. Davidson
DAVIDSON & DAVIDSON, APLC
2901 Independence Street
Suite 201
Metairie, LA 70006

COUNSEL FOR PLAINTIFF/APPELLANT

Lizette M. Radovic
MILLER-RADOVIC, LLC
650 Poydras Street
Suite 2523
New Orleans, LA 70130

COUNSEL FOR DEFENDANT/APPELLEE

**AFFIRMED**

**OCTOBER 20, 2021**

This consolidated appeal involves two actions that were also consolidated in the court below.  The first action involves Engine 22 L.L.C.'s petition to annul the tax sale title of 510 Jackson Avenue in New Orleans.  The second action concerns Land & Structure, L.L.C.'s motion to quiet tax sale title of 510 Jackson Avenue in New Orleans.

**FACTS AND PROCEDURAL HISTORY**

On April 11, 1958, Marie E. Yeager, wife of, and Frank J. Kern acquired the immovable property located at 510 Jackson Avenue.[1]  On November 20, 2003, said property was adjudicated[2] by the City of New Orleans for unpaid 1992 *ad valorem* property taxes.

In June of 2007, the City and Engine 22, L.L.C. began a process of transferring ownership of 510 Jackson Avenue to Engine 22, L.L.C.  On December 18, 2007, the City and Engine 22, L.L.C. entered into a contract to rehabilitate the

---

[1] The Kerns had only one heir, a daughter.  They are all deceased.
[2] According to the testimony of Orleans Parish Assessor Erroll Williams, "adjudicated" "means the City of New Orleans is a lienholder in the property" and it does not mean that the City of New Orleans is the owner of the property.

property and transfer ownership; the contract was titled as an act of sale.[3]

However, this act of sale was not filed in the conveyance records of Orleans Parish

until March 31, 2011.

In 2010, the City put 510 Jackson Avenue up for tax sale auction because the

2008 and 2009 property taxes were never paid. The City sent pre-tax sale notice

and post-tax sale notice to the former record owners of the property (the Kern

Family). On September 14, 2010, Land & Structure, L.L.C. purchased 510

Jackson Avenue at a tax sale auction and this transaction was recorded soon

thereafter.

Engine 22, L.L.C. filed a petition to annul tax sale. Land & Structure,

L.L.C. filed a petition to quiet tax sale title of the property. The two cases were

tried together on October 19, 2020. On January 15, 2021, the trial court granted

Land & Structure, L.L.C.'s petition and denied Engine 22, L.L.C.'s petition.

Specifically, the trial court stated:

> The crux of the issue here is whether Engine 22 was entitled to
> notice of the 2010 tax sale of 510 Jackson Avenue to Land &
> Structure. The Court finds that Engine 22 was not the record owner at
> the time the tax sale was conducted because it did not record its
> contract with the city until 2011, well after the tax sale to Land &
> Structure. The Louisiana Constitution and the ensuring (sic) are clear
> that notice must be given to the one who was the record owner at the
> time of the advertisement and sale of the property, which Engine 22
> was not. As such, any lack of notice to Engine 22 does not defeat this
> tax sale.
> A tax sale certificate is prima facie evidence that a valid sale
> was made. As Land & Structure has a tax sale certificate from the
> 2010 tax sale of 510 Jackson Avenue, the burden was on Engine 22 to

---

[3] As a condition of the contract, Engine 22, L.L.C. was to provide the City with a renovation plan within 270 days of this conditional act of sale; no plan was ever provided.
Engine 22, L.L.C. also failed to pay any property taxes in accordance with this contract.

submit evidence sufficient to rebut the presumption of regularity. Engine 22 has not met that burden.

After reviewing all supporting documents, including the evidence that was properly admitted into the record, listening to the testimony given today, and based on the law, the Court finds that Land & Structure, LLC has met its burden in establishing its ownership of the subject property with municipal address 510 Jackson Avenue, New Orleans, Louisiana 70130. Therefore, the Court renders a judgment in favor of Land & Structure and against Engine 22, confirming and quieting Land & Structure's tax title and recognizing them as the sole owner of 100 percent of the subject property. Engine 22's claims re dismissed with prejudice.

Engine 22, L.L.C. now appeals the trial court's judgment.

## DISCUSSION

On appeal, Engine 22, L.L.C. raises the following assignments of error: (1) the property, on the date of sale, was adjudicated to the City of New Orleans and should not have been on the tax rolls as the City is not subject to taxation which renders the tax sale in favor of Land & Structure L.L.C. a nullity; (2) no pre-sale or post-sale notice of tax sale was transmitted to Engine 22, L.L.C. before the tax sale for unpaid 2008/2009 ad valorem taxes despite the fact that the city had actual knowledge of Engine 22, L.L.C.'s ownership interest; (3) the tax deed was facially invalid since it was only in the name of "Kern, Frank J" rather than the record owner City of New Orleans or even the prior record owners, Marie E. Yeager wife of/and Frank J. Kern; and (4) Land & Structure L.L.C.'s Tax Sale Certificate was held on September 10, 2010 after wholesale revision of the tax sale laws which required post-sale notice to establish a party was duly notified to validate a tax sale. No notice of tax sale was introduced into these proceedings.

Regarding Engine 22, L.L.C.'s first assignment of error, Orleans Parish Tax Assessor Errol Williams testified that just because a property is "adjudicated" it

3

does not mean that the City of New Orleans is the owner of the property, but only "means the City is a lienholder in the property." He also confirmed that an adjudicated piece of property would continue to be taxed. Accordingly, we find no error.

Engine 22, L.L.C.'s second, third, and fourth assignments of error all concern notice. Louisiana Constitution Article VII, Section 25(A) requires the tax collector to provide notice of the tax delinquency and tax sale to owner of record of any interest in the property. *Lewis v. Succession of Johnson*, 05-1192 (La. 4/4/06), 925 So.2d 1172, 1176; *C & C Energy*, 09-2160 p. 7 (La. 7/6/10), 41 So.3d 1134, 1139. However, Engine 22, L.L.C. was not a record owner of the property and was not entitled to notice. Also, Engine 22, L.L.C.'s contract with the City was not recorded in the conveyance records at the time of the tax sale so the public records had no record of Engine 22, L.L.C.'s contract.

In *Mennonite Bd. Of Missions v. Adams*,[4] the United States Supreme Court held that notice by mail or other means as certain to insure actual notice is minimum constitutional precondition to proceeding, if the party's name and address are reasonably ascertainable. "Louisiana jurisprudence has consistently found that notice of a tax delinquency is properly sent to the person listed as the owner shown in conveyance office records." *Patton v. Unopened Succession of*

---

[4] 462 U.S. 791, 103 S. Ct. 2706, 77 L.Ed.2d 180 (1983).

*Dearie*, 17-0151 (La.App. 4 Cir. 10/11/17), 317 So.3d 11 (citing *Hines v. Dance*, 460 So.2d 1152, 1154 (La.App. 2 Cir. 1984)).[5]

Engine 22, L.L.C.'s name was not reasonably ascertainable because its conditional act of sale was not recorded in the Orleans Parish conveyance records at the time of the tax sale to Land & Structure, L.L.C. Also, Engine 22, L.L.C. cannot claim a right to notice because *Mennonite* applied to a mortgage company's rights in a property when the mortgage was recorded in the public mortgage records. Engine 22, L.L.C. is not a mortgagee and does not have any substantial rights in 510 Jackson Avenue.

**CONCLUSION**

For the above and foregoing reasons, we affirm the trial court's judgment. We decline to award Land & Structure, L.L.C. any costs of appeal or attorney's fees for a frivolous appeal by Engine 22, L.L.C.

**AFFIRMED**

---

[5] Due to a subsequent change in the statutory law concerning the manner of notice, these cases have now been red flagged.