(56 South. 323.)

No. 18,410.

OGBORN v. LOWER TERREBONNE RE-FINING & MFG. CO.

(June 15, 1911.    Rehearing Denied Oct. 16, 1911.)

*(Syllabus by Editorial Staff.)*

RAILROADS (§ 63*) — RIGHT OF WAY — PRE-SCRIPTION — "CONTINUOUS SERVITUDE" — "DISCONTINUOUS SERVITUDE."

Under Civ. Code, arts. 727, 766, defining "continuous servitudes" as those whose use is or may be continual without the act of man, and "discontinuous servitudes" as such as need the act of man to be exercised, and providing that discontinuous servitudes can be established only by title, a railroad for the transportation of sugar cane is a discontinuous servitude, and not prescriptible.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 63.*

For other definitions, see Words and Phrases, vol. 2, p. 1512.]

Breaux, C. J., dissenting.

Appeal from Twentieth Judicial District Court, Parish of Terrebonne; W. P. Martin, Judge.

Action by Harry Ogborn against the Lower Terrebonne Refining & Manfacturing Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Suthon & Wurzlow, E. D. Saunders, and Denegre & Blair, for appellant. Harris Gagne, for appellee.

PROVOSTY, J. Defendant is operating a tramroad across the land of plaintiff for the transportation of its sugar cane to its factory, and this suit is an injunction to prevent it from doing so. Defendant claims to have a servitude of passage on plaintiff's land, by virtue of the prescription of 10 years. Plaintiff contends that such a servitude is a discontinuous servitude, and therefore not prescriptible. Whether that contention is well founded is the only question in the case. The writer of this opinion thinks that a servitude, the exercise of which necessitates the permanent maintenance of a railroad, consisting of roadbed, cross-ties, rails, bridges, etc., of which the dominant estate has the exclusive use, and of which the servient estate has only the burden, is a continuous apparent servitude. It is admittedly so at common law, and, in the writer's opinion, must be so under the civil law also, because the basic principles of prescription are the same in the two systems of law. The majority of the court think differently, however, and for the following reasons:

Article 727, C. C.:

"Servitudes are either continuous or discontinuous.

"Continuous servitudes are those whose use is or may be continual without the act of man.

"Such are aqueducts, drain, view and the like.

"Discontinuous servitudes are such as need the act of man to be exercised.

"Such are the rights of passage, of drawing water, pasture and the like."

Art. 766:

"Continuous nonapparent servitudes, and discontinuous servitudes, whether apparent or not, can be established only by a title.

"Immemorial possession itself is not sufficient to acquire them.

"Immemorial possession is that of which no man living has seen the beginning and the existence of which he has learned from his elders."

In the case of Torres v. Falgoust, 37 La. Ann. 497, where a lane connecting a populous back settlement with the river front had existed and been open to the public for well-nigh a century through the plantation on the river front, and been constantly used by the public, this court held that the servitude was discontinuous and inprescriptible.

Aubry & Rau, commenting on the articles of the Code Napoléon corresponding with the foregoing articles, has the following:

"Discontinuous servitudes are those which need the act of man to be exercised. What characterizes them is that their exercise does not survive the act of man; it ceases the moment this act ceases. Such is the servitude of way; it is exercised each time the owner of the dominant estate passes over the servient estate, and only during the time occupied in his passing. The law cites as additional examples servitudes of drawing water, of pasturing cattle.

"These servitudes continue to be discontinuous, notwithstanding that in order that they should be exercised certain apparent works have had to be established. The reading together of articles 688 and 689 shows that the Code has employed two distinct divisions, which must not be confounded, 'appearance' and 'continuity.' A servitude of passage which manifests itself by a door or gate, of which the key has been delivered to the owner of the dominant estate, or for which visible works have been constructed—for example, a road across the neighboring estate, a bridge—is none the less discontinuous, according to the classification made by the Code." Volume 8, p. 118, No. 248, Servitudes.

From the standard work, Carpentier et Du Saint (volume, Passage, Nos. 56 and 57), we take the following:

"The servitude of way may be apparent. It is so if it manifests itself by some exterior work,

as a gate, or a macadamized road. But it continues, nevertheless, to be a discontinuous servitude, despite its apparent continuousness, and, inasmuch as the actual action of man is necessary for its exercise, it cannot be established by prescription; citing Cassation, 24 Nov. 1835; Brahauban (Sirey, vol. of 1836), pt. 1, p. 52; Id., Journal du Palais; 9 Md. 1836, Case of Accloque, Sirey, vol. of 1846, pt. 1, p. 307; Sup. Ct. of Nimes, 1st July, 1845, Case of Gordareau, Sirey, vol. of 1846, pt. 2, p. 14; Journal du Palais, vol. of 1846, pt. 1, 267; Sup. Ct. of Grenoble, Feb. 3, 1849, Case of Barbier, Sirey, vol. of 1849, pt. 2, p. 572; Dalloz, vol. of 1849, pt. 2, p. 235; Delvincourt, vol. 1, 412; Duranton, Servitudes, No. 577; Pardessus, Servitudes, vol. 2, No. 276; Solon, No. 314; Demolombe, vol. 12, Nos. 719 and 771; Aubry & Rau (5th Ed.) vol. 3, No. 248, p. 118; Laurent, vol. 8, No. 128; Bandry-Lacantinerie & Chanuveau, Servitudes, No. 1084."

It is thus seen that in France a servitude of passage is none the less discontinuous, within the meaning of the above-quoted article of the Code, if exercised by means of a macadamized road. A road of that character is as apparent and continuous as a railroad; and hence the two are not distinguishable in the present connection.

Judgment affirmed.

BREAUX, C. J., dissents.