HIGGINS, Justice.
 

 The plaintiff instituted this summary ejectment proceeding under the provisions of Act No. 298 of 1938 against the defendants, as the unlawful occupants of her plantation. She alleges that she acquired the property on December 2, 1935, from Rufus L. Jones, one of the defendants, by an authentic or notarial act of sale, which was duly recorded, and leased twenty acres thereof to him, and that the lease had expired ; that she had employed him as overseer or manager of the remainder of the property and had discharged him during the month of October, 1941; that she had permitted his son, William Jones, to occupy a small dwelling on the property; and, that she had served written notice on the defendants to vacate the premises in
 
 *336
 
 accordance with the provisions of the statute, but they refused to do so.
 

 The defendants, in their answers, denied that the plaintiff was the owner of the land in question; that they occupied the premises as lessees or overseers thereof or by sufferance; and that the main defendant had executed a deed of the property to the plaintiff. They averred that, if any deed was granted to the plaintiff, it was obtained by fraud and misrepresentation, without the consent and knowledge of the real defendant and his wife.
 

 The petition was filed on January 3, 1942, and the district judge made the rule to show cause why the defendants should not vacate the premises returnable on January 7, 1942. The two defendants were sued separately and filed separate answers, but the cases were consolidated for trial.
 

 Upon the hearing of the rule on the merits, the plaintiff introduced in evidence the authentic act of sale from Rufus L. Jones to herself, dated December 2, 1935, and testimony to prove the other allegations of the petition. When the defendants’ attorney attempted to cross-examine Mrs. Maude E. Wooten, the plaintiff’s mother and the main witness in her behalf, for the purpose of showing that the defendant Rufus L. Jones did not execute the authentic act of sale to her daughter on December 2, 1935, or that his signature thereto was obtained through misrepresentation and fraud, counsel for the plaintiff objected on the ground that such testimony was irrelevant and immaterial, that the deed itself was the best evidence, and that it could not be changed, varied, or altered in any manner by parol testimony.' Counsel for the defendants thereupon pointed out to the court that his clients had specially pleaded the invalidity of this particular authentic act of sale on the grounds of misrepresentation and fraud and that he had a right, under the law, to introduce parol evidence in proving the special defenses. The trial judge ruled that it was almost impossible to prove that an authentic act had been obtained by fraud, and that a party to such an instrument could not show what happened prior to the time of its execution. Counsel for the defendants strenuously insisted that the ruling was erroneous and persisted in his efforts to introduce such parol evidence by the testimony of Rufus L. Jones, for the same purpose, but he was met again by the same objections, which the trial court sustained. The attorney for the defendants reiterated his right to have the court hear this testimony and the learned trial judge adhered to his ruling.
 

 The district court rendered two separate judgments in favor of the plaintiff and against the defendants, ordering them to vacate and surrender the premises occupied by them and belonging to the plaintiff, within twenty-four hours, and upon their failure to do so, directed the sheriff to forthwith eject them from the property in the manner provided by law. The defendants appealed.
 

 Counsel for the defendants, in his brief, states that the reason for appealing the case in behalf of his clients was to have the rulings of the trial court reversed in order to secure permission from the court
 
 *338
 
 to take the testimony to prove the invalidity of the plaintiff’s title and to have the case remanded with instructions to the trial judge to admit such relevant parol testimony and pertinent evidence, under the averments of fraud, misrepresentation, and want of consent, by Rufus L. Jones and his wife, in the execution of the alleged deed.
 

 In the case of Le Bleu v. Savoie, 109 La. 680, 33 So. 729, 730, the plaintiff sold his land to the defendant by authentic act and instituted an action to recover it on the grounds of error and fraud practiced upon him by the defendant. When the plaintiff attempted to prove by parol evidence the true nature of the transaction, the defendant objected on the ground that the authentic act was full proof of the transaction between the parties and that it could not be contradicted or varied by parol. The district court overruled the objection and the Court of Appeal sustained the ruling. This court, in upholding the judgment of the Court of Appeal, in this respect, said: “As we understand the ruling, it holds that parol evidence is admissible to prove the fraud or alleged error; that the plaintiff may show that by fraud or by error the written instrument was made to embody a different agreement from that entered into by the parties, or that, by the fraud of defendant, the plaintiff was made to agree to something the nature of which he did not rightly understand — for example, was induced to believe that he was executing a mortgage, when in reality he was executing á sale. As thus restricted in its scope, the parol evidence was admissible, and the ruling admitting it was correct.” The court then disagreed with the opinion of the Court of Appeal, which held that as the plaintiff had propounded interrogatories on facts and articles to the defendant, he could not contradict, by parol evidence, the defendant’s answers to such interrogatories, reversed the judgment in that respect and remanded the case for the admission in evidence of this proof.
 

 In the case of Barrow v. Grant’s Estate, 116 La. 952, 955, 41 So. 220, 221, in referring to the above-cited authority, the court said: “The kind of fraud that causes error may always be shown, and, if the only evidence available for the purpose is parol evidence, such evidence is admissible, even though title to real estate be involved. If it were otherwise, the courts of justice could be made to lend their aid to the enforcement of so-called contracts to which the consent of the defendant had been given in error. In such cases the parol evidence is admitted ex necessitate * * * ” citing numerous authorities.
 

 In the light of the foregoing authorities, the ruling of the trial court in excluding the parol testimony sought to be introduced in the instant case to prove the averments of the answers that the defendant Jones did not execute the alleged authentic act or that his and his wife’s consent thereto had been obtained through fraud and misrepresentation, was erroneous.
 

 Counsel for the plaintiff has referred us to the case of Brown et al. v. Weldon, La.App., 199 So. 620, to show that his client is entitled to proceed summarily un
 
 *340
 
 der the provisions of Act No. 298 of 1938. In that case the plaintiffs, as landowners, instituted proceedings under the above statute against the occupant or possessor of the land. The defendant pleaded that he .was the owner of the land by virtue of a contract of sale thereof by plaintiffs’ predecessor in title to himself. The trial court dismissed the suit on the ground that the plaintiffs were not entitled to proceed summarily under the act because the defendant was asserting title to the property. The Court of Appeal held that the statute was applicable and proceeded to determine the merits of the controversy. In annulling the judgment of the district court, it concluded that the defendant had forfeited his rights under the contract of sale because of several breaches thereof by himself.
 

 In the instant case, the defendants are not challenging the rights of the plaintiff to proceed under the statute but are complaining of the trial court’s ruling in excluding proof which they sought to introduce under the special defenses.
 

 The plaintiff’s attorney contends that a tenant or lessee who is made a defendant in an ejectment proceeding cannot legally change the character of the action either by answer or intervention from a summary to an ordinary one or introduce new and foreign issues therein, citing Mighell v. Kelley, 51 La.Ann. 281, 25 So. 101; Cepro v. Matulich, 152 La. 1072, 95 So. 226; and Babst v. Hartz et
 
 al,
 
 161 La. 427, 108 So. 871. Those cases are not apposite here because the defendants are not attempting to convert a summary proceeding into an ordinary action, or to introduce new and foreign issues. The defendants’ attorney has made no’point of the fact that his clients only had four days’ notice to appear and answer the rule instead of the usual ten days’ notice with citation, as required in petitory and possessory actions. He does not seek to introduce new and foreign issues because the plaintiff herself alleged that she was the owner of the property, and the defendants, in their answers, denied this allegation and averred that Rufus L. Jones was the owner of the property and had never legally conveyed it to the plaintiff. They had the right to so plead. Babst v. Hartz et al., supra.
 

 Suppose a third party forged the name of the owner of realty to an authentic and properly recorded act of sale and the purchaser then instituted ejectment proceedings under Act No. 298 of 1938 against the real owner. Could it be said that the owner in possession of the land, when he denied the plaintiff's ownership and asserted the invalidity of his title on the ground of forgery, would be barred from making that defense on the theory that he was convert-' ing a summary action into an ordinary one or was injecting foreign or new issues into the case and would have to surrender possession of his land and then resort to a petitory action against the alleged new purchaser? Obviously, the answer is no.
 

 The defendants have not in any way endeavored to prevent the plaintiff from having the issue of ownership of the property determined on the merits in a summary way. Their sole complaint has been that the trial court erroneously excluded rel
 
 *342
 
 evant and pertinent parol testimony indispensable to their special defenses.
 

 Counsel for the plaintiff states that the averments- of the defendants’ answers concerning fraud and misrepresentation ar-e so general that the proof thereunder should have been excluded for that reason. We might say that the defendants’ answer on the issue of fraud is rather general and could be made more specific, but objection to the testimony was not urged on that ground. If it had been, the defendants might have requested the court to permit-an amendment of .the answer, in order that the proof could then be adduced.
 

 For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from is annulled and set aside, and it is now ordered that the case is remanded to the trial court for further proceedings consistent with the views herein expressed; the plaintiff to pay the costs of this court, the costs of the district court to await the final determination of the litigation.