This is a petitory action in which Mrs. Orelia Carlon, widow of William Baptiste Magnard, individually and as natural tutrix of her minor son, Wm. B. Magnard, Jr., seeks to vindicate her title to a certain lot of ground in the Second District in Square 285, known as Lot "B" on a survey made by Adloe Orr, dated January 2d 1930.
The defendant, George Marquart, the adjacent proprietor of Lot "A", resists plaintiff's suit on the ground that the title boundaries, as established by the Orr survey, are incorrect in that they fail to recognize a continuous apparent real servitude, amounting to title, in favor of lot "A", established by a destination du pere de famille.
The case was tried on an agreed statement of fact in which it is stipulated that on January 19, 1886, Mrs. Catherine Klein, widow by first marriage of Henry Marquart, and by second marriage of Frederick Wetekumm, who will hereafter be referred to as Mrs. Wetekumm, acquired both lots "A" and "B", at that time known and described as Lots 1 and 2, by a sheriff's deed, and that prior to Mrs. Wetekumm's acquisition of the property, an ancestor in title caused a certain building to be erected in the rear of lot "A" which encroached upon lot "B" to the extent of several feet, which building stands today as originally constructed and is the cause of this controversy. Mrs. Wetekumm died leaving a last will and testament, in which she bequeathed lot "B" to Ida Marquart Pratt, her granddaughter, and lot "A" to the defendant, George Marquart, her son and the father of Ida Marquart Pratt. Lot "B" was sold by Ida Marquart Pratt to William B. Magnard, plaintiff's husband, now deceased, and plaintiff and her minor son were placed in possession of the property by judgment of the Civil District Court. In the Succession of Mrs. Wetekumm, prior *Page 247 
to the judgment placing Ida Marquart Pratt, in possession, Joseph Ernest Pratt, her husband, contradictorily with George Marquart, the executor of the succession and legatee of lot "A", caused a survey of both lots to be made by Adloe Orr, which survey is dated January 2d 1930. William B. Magnard acquired from Ida Marquart Pratt on December 15th, 1930. Both Ida Marquart Pratt and George Marquart, the owners respectively of lots "B" and "A" acquired the property by judgment of court and, according to the Adloe Orr survey.
There was judgment below dismissing plaintiff's suit and she has appealed.
From the foregoing it appears that both plaintiff and defendant obtained title to the two lots through the succession of Mrs. Wetekumm, the defendant directly and the plaintiff by mesne conveyance.
The position of the defendant is that at a time when both lots were owned by an ancestor in title the building, now standing, was erected which projects a few feet on the property now owned by the plaintiff, and that this relation established between two immovables by the owner of both is what is known as the "destination du pere de famille".
Article 767 of the Revised Civil Code reads as follows:
"The destination made by the owner is equivalent to title with respect to continuous apparent servitudes.
"By destination is meant the relation established between two immovables by the owner of both, which would constitute a servitude if the two immovables belonged to two different owners."
In Woodcock v. Baldwin, 51 La.Ann. 989, 26 So. 46, 53 the following is quoted from Lavillebeuvre v. Cosgrove, 13 La.Ann. 323, as follows:
"There is no doubt that the building of this division wall, with the window, by Walden, who was the owner of the land on both sides of the wall, constituted, what is called in the French text of articles 645 and 763 of the Revised Civil Code, (the latter article copied from article 692 of the Code Napoleon), a `destination du pere de famille,' which, by articles 763, 764, and 765, was equivalent to a title creating a servitude, as soon as a division of ownership of the properties took place by the sale from the City Bank to parish."
We freely concede the legal position of the defendant's counsel to the extent of saying that, at one time, because of the effect of the destination du pere de famille, there was a servitude established in favor of lot "A."
In Capo v. Blanchard, 1 La.App. 3, we held:
"The owner of two lots of ground who builds upon one lot a house that rests partly upon the other lot thereby creates a servitude upon the last lot in favor of the former by a destination du pere de famille." (Syllabus by the Court)
But a servitude once established is not inalienable and George Marquart, who inherited lot "A", contradictorily with Joseph E. Pratt, husband of Ida Marquart Pratt, who inherited lot "B", caused a survey to be made of the two lots by Adloe Orr and both legatees acquired the property according to the lines established by that survey, in the Succession of Mrs. Wetekumm. This survey shows both Lot "A" and Lot "B" as forming parallelograms. Lot "A" is described as thirty feet, three inches front on Dumaine Street by sixty-nine feet in depth, between equal and parallel lines and lot "B" is described as twenty-nine feet, nine inches front on Dumaine Street by sixty-nine feet in depth between equal and parallel lines. This survey thus eliminated the encroachment which, for many years, had existed in favor of lot "A". The dimensions given the two lots by the Orr survey is inconsistent with the servitude which must be considered as abandoned.
In the petition filed in the Succession of his mother, Mrs. Wetekumm, by George Marquart, her executor, on January 15, 1929, he alleges that one of the lots was bequeathed by his mother to Ida Doris Pratt, her granddaughter and petitioner's daughter, whose "correct marital status and name is Ida Doris Marquart, wife of Joseph Ernest Pratt, house on Dumaine Street No. 2233-2235" (195 "B") and that he desires to carry out the terms of his mother's will by making delivery of said property to his daughter and "that, from the appearances of said property petitioner concluded that the measurement as given in the said deed from the Civil Sheriff did not coincide with the fence measurements or enclosures separating the improvements on said three lots of ground ("A", "B" and "C") and, accordingly, *Page 248 
requested M.J.E. Pratt, husband of the legatee, and son-in-law of petitioner, to have a survey made of the property showing the actual, physical boundaries as disclosed by the fences or sheds separating the said property, which was made by Adloe Orr, Civil Engineer, a blue-print copy of which is hereto annexed, and made part hereof for reference, according to which survey said lots 1 and 2 and the rear portion thereof are designated in said survey by said Orr, C.E., as lots A.B. and C., lot "B" which is the lot and improvements bequeathed to the said Ida Doris Marquart, wife of Joseph Ernest Pratt, measures according to said blue print, copy annexed hereto, as Twenty-nine feet, nine inches front on Dumaine Street by sixty-nine feet in depth, and petitioner alleges that he desires to place his said daughter and legatee in possession of said lot "B", measurements as given on said blue print, with improvements thereon; and petitioner alleges that the legatee, his daughter, accepts the said legacy of said property as measuring 29 feet, 9 inches by 69 feet in depth, as per intervention herein.
"And now, into these proceedings, comes the said Mrs. Ida Doris Marquart, wife of Joseph Ernest Pratt, who intervenes herein for the purpose of making full proof of the fact that she accepts the said lot of ground and improvements as per measurement of lot "B" shown in said blue print, 29 feet 9 inches by 69 feet, and does hereby release, transfer, convey and deliver to the estate of decedent, to George Marquart testamentary executor and individually as sole heir of decedent, the overplus thereof, hereby expressly and forever disclaiming any right, title or interest in any excess of measurement beyond the said 29 feet 9 inches front by 69 feet in depth by this petition sought to be delivered to her as a legacy, as witness her signature and affidavit hereto, which said overplus is accepted by the said Marquart, testamentary executor of the estate of decedent and individually as sole heir at law of his mother, for the said succession, its legal representative or assign and as sole heir".
It will be observed that there is an excess frontage of three inches shown in lot "A" by the Orr survey, claim to which is abandoned by the daughter and, apparently, this excess provoked the survey and an amicable settlement in the nature of a compromise was based upon the boundaries established by that survey, which was subsequently approved by the Court.
Subsequently, on January 17th, 1930, George Marquart presented a petition to the Civil District Court, in which he alleged that he had complied with all the terms of his mother's will and there was no need for any further administration of the succession and asked that he be placed in possession of the succession including the real estate (lot "A") "described as per the survey thereof made by Adloe Orr, C.E., of this City, which shows the physical boundaries of the said property, a blue print copy of which survey is annexed to the petition heretofore filed by petitioner wherein petitioner petitioned the court to make delivery to the legatee, named in the will". Judgment was rendered by the Court in conformity with the prayer of this petition.
It thus appears that both George Marquart the owner of lot "A" and his daughter, Ida Marquart Pratt, at that time the owner of lot "B", agreed to establish the boundary lines of their respective properties, which they had inherited from their mother and grandmother respectively, and to that end caused a survey to be made and that both parties were placed in possession of their inheritance in accordance with that survey. Whatever servitude may have existed prior to that time in favor of lot "A" and against lot "B" was abandoned by the owner in this proceeding and George Marquart cannot now be heard to say that what he did at that time in his capacity as executor is not binding upon him as an individual and as owner of the property.
Our conclusion is that the plaintiff must prevail, accordingly,
It is ordered that the judgment appealed from be annulled, avoided and reversed and it is now ordered that Mrs. Orelia Carlin, widow of William B. Magnard, individually and as natural tutrix of her minor son, William B. Magnard, Jr., be recognized as the owner of the following property:
"A certain lot of ground, in the Second District of this city, in Square No. 285, bounded by Dumaine, Miro, St. Philip and Galvez Streets, designated by the letter `B' on a survey made by Adloe Orr, C.E., dated January 2d 1930, which said lot commences at a distance of thirty feet, three inches from the corner of Dumaine and Miro Streets, starting at a line separating it from lot `A' in the direction of Galvez St., annexed to the Succession proceedings No. 184-132 of the Docket of the Civil District Court, Parish of Orleans, and measuring twenty nine feet, nine inches *Page 249 
front on Dumaine Street, by sixty nine feet in depth. The improvements thereon bear the Municipal Nos. 2233-35 Dumaine Street."
and that she be placed in the undisturbed possession thereof. The costs of both courts to be paid by defendant.
Reversed.