172 So.2d 748 (1965)
Louis B. LEGGIO
v.
William J. MANION.
No. 1773.
Court of Appeal of Louisiana, Fourth Circuit.
March 8, 1965.
*749 Curtis, Foster & Dillon, E. E. Huppenhauer, Jr., New Orleans, for plaintiff-appellee.
Price & Francipane, Roy L. Price, Metaire, Henican, James & Cleveland, C. Ellis Henican, C. Ellis Henican, Jr., New Orleans, for defendant-appellant.
Before REGAN, SAMUEL and HALL, JJ.
REGAN, Judge.
Plaintiff, Louis B. Leggio, the lessor, instituted this suit against the defendant, William J. Manion, the lessee, endeavoring to summarily evict him from the property designated by the municipal number 3544 Veterans Memorial Highway, Metairie, Louisiana, for the non-payment of rent.
The defendant answered and asserted therein that the rental payments were withheld by him to repair the leased property so as to make it suitable for the purpose for which it was intended.
From a judgment in favor of the plaintiff, ordering the defendant's summary eviction, he has prosecuted this suspensive appeal.
The record reveals that on July 21, 1963, the plaintiff and the defendant entered into a document denominated as a "Lease Agreement" pursuant to which the plaintiff agreed to construct a building on certain property owned by him in conformity with lessee's instructions, and to have this building ready for occupancy on or about November 30, 1963. The defendant agreed to, "Sign a 5 year lease with a 5 year option for the sum of $250.00 per month, * * *" and to pay for all of the building's utilities and janitorial services. It was to be used by the defendant, an orthodontist, as an office for the practice of his profession.
The plans and specifications for the building were presented to the defendant, who accepted them with certain modifications as to minor details.
The building was completed and defendant began occupancy thereof on or about November 23, 1963. It is undisputed that no rent has been paid by the defendant from December 1, 1963, on which date the first installment thereof was due, until the present time. On June 27, 1964, the defendant received the plaintiff's notice to vacate the premises, and on July 17, 1964, this action was instituted to recover possession thereof.
Argument has been made in this court relative to the existence vel non of a lease agreement between the plaintiff and the defendant, predicated upon the fact that the original agreement entered into by them obligated the defendant to enter into a formal written lease, which was never done. However, whether or not a formal lease was ever signed is immaterial in view of the rationale of LSA-Civil Code, Art. 2670, which provides that the contract of lease is perfected upon the simultaneous existence of "the thing, the price, and the consent." In view of the agreement which was entered into between the parties and the fact that defendant took possession pursuant thereto, it cannot be seriously disputed that all of the requisites of a valid lease have been fulfilled for the purposes of this case.
We are convinced that the plaintiff is incorrect in contending that the defendant cannot raise as an affirmative defense the withholding of rent for repairs, in an action for summary eviction. The defendant insists that he did not pay rent for the reason that he was saving the money retained by him in order to repair the premises. The plaintiff argues that to permit the defendant to offer such a defense in a summary eviction proceeding would convert it into an ordinary proceeding and thus do violence to a provision of the Code of Civil Procedure. This argument possesses no merit.
Article 2694 of the LSA-Civil Code confers upon the lessee the privilege of making *750 the necessary repairs when the lessor has neglected or refused to do so and to deduct from the rent the cost thereof. If the lessee exercises the privilege of making the necessary repairs, he may also retain the rent until he has recouped the total cost thereof. Obviously in an action of eviction for nonpayment of rent a plea of payment thereof, in that the rent was withheld for indispensable repairs which were consummated, would be a good defense. To deny the lessee this right would have the effect of removing the privilege of detention of rent for the aforementioned purpose from the Civil Code.[1]
However, the question which this appeal has posed for our consideration is whether the novel defense offered in resistance to this suit for eviction is in conformity with the rationale of LSA-Civil Code, Art. 2694. This article reads as follows:
"If the lessor do not make the necessary repairs in the manner required in the preceding article, the lessee may call on him to make them. If he refuse or neglect to make them, the lessee may himself cause them to be made, and deduct the price from the rent due, on proving that the repairs were indispensable, and that the price which he has paid was just and reasonable."
The record reveals that the plaintiff conducted his practice from three distinct locations, and that the office which forms one of the subjects of this litigation was used by him two days of each week. Defendant offered evidence to prove that the air-conditioning and heating systems installed therein by the plaintiff were insufficient to cool and heat the premises adequately. In addition thereto, he contends that the building leaked to such an extent that water would cover portions of the floor thereof and create a hazard to patients entering and exiting therefrom. Consequently, he concluded that he was justified in withholding all rentals due until the amounts so withheld were sufficient to pay for increasing the capacity of the air-conditioning and heating systems and to effect the necessary repairs to prevent water leakage.
However, the defendant justifies his failure to make the necessary repairs on the fact that he was forbidden to do so by the plaintiff.
For the purpose of determining the validity of the defense offered to resist this suit for eviction, we shall assume without deciding that the increase in capacity of both the heating and air-conditioning systems [2] and the work required to correct the water leakage are all "repairs" within the contemplation of LSA-Civil Code, Art. 2694.
An analysis thereof reveals that while the lessee is afforded the privilege of deducting the reasonable price of the indispensable repairs made by him upon default of the lessor, it follows as a necessary corollary that such repairs must actually be consummated by him. Counsel for the defendant admitted in the course of oral argument in this court that the rent had been withheld from the inception of this lease, December 1, 1963, at least until February 18, 1965, the day the case was argued here. Obviously the redactors of the Civil Code never contemplated such an absurd result. Suffice it to say that the necessary repairs must begin within a reasonable time after the lessee exercises the privilege of retaining the rent therefor.
To reiterate, for the purpose of emphasis, the length of time which elapsed between the inception of the lease and the plaintiff's petition for eviction, during which no effort was made by the defendant to effect the necessary repairs, clearly reveals that the *751 defendant had no intention of correcting the deficiencies which form the subject of this dispute. The mere fact that the plaintiff orally or in writing instructed the defendant not to make any repairs is not sufficient justification for his failure to act, once he decided to withhold the rent, in view of the emphatic privilege afforded to him by virtue of the rationale of Article 2694 of the LSA-Civil Code.
We are therefore of the opinion that the lower court was correct in considering the defense offered herein to be inadequate and very properly ordered the eviction of the defendant from the premises.
For the foregoing reasons, the judgment of the lower court is affirmed. The defendant is to pay all costs incurred herein.
Affirmed.
NOTES
[1] See Meraux & Nunez v. Houck, 202 La. 820, 13 So.2d 233; Wooten v. Jones, 200 La. 333, 8 So.2d 46; and Art. 4735 of the LSA-Code of Civil Procedure.
[2] Both in brief and in oral argument defendant's counsel asserted that the cost thereof would amount to approximately $3,000.00. It will be recalled that this was a newly constructed building and the initial occupant thereof was the plaintiff.