DIXON, Judge.
In this case plaintiff landowner prays for a judgment decreeing a servitude “to be extinguished.” By instrument dated May 1, 1945, plaintiff’s ancestor conveyed to defendant’s ancestor in title :
“The right to lay, operate, maintain and remove pipelines for the transportation of oil, gas, or other hydrocarbon fluids, together with the right to locate, erect, operate and maintain a loading dock or docks and appurtenances thereto in the Mississippi River and upon the land hereinafter described, and with the right, subject to the further provisions hereof, to construct boardwalks and roads for such purposes and to install telephone, light and power lines necessary or convenient to such operations, on, over and through the following described land * * *”
A description of the burdened estate followed.
The instrument further provided:
“TO HAVE AND TO HOLD said right of way or servitude unto the said Grantee, its successors and assigns, forever, with full right of ingress and egress at all times. It is understood, however, that the aforesaid Grantor, his heirs or assigns, retain the right to use and enjoy the said premises over which this right of way or servitude is granted for all purposes not inconsistent with the rights herein conveyed to Grantee, its successors or assigns.
“Grantee, its successors or assigns, hereby agree to lay such pipe lines and construct such light, power, and other lines, and the other facilities hereinabove mentioned so that they will interfere as little as practicable with the cultivation of the land and with the passage of Grantor’s cattle across the same, and also to pay any and all damages to crops, fences and lands which may be suffered from the construction, operation or maintenance of such improvements; such damages, if not agreed upon, to be determined by three (3) disinterested persons as arbitrators, one of whom to be appointed by the Grantor, his heirs or assigns, and one by the Grantee, its successors or assigns, and the third by the two appointed as aforesaid, and the award of such three (3) persons shall be final and conclusive.
“Grantee agrees to construct and maintain proper cattle guards at all points where its right of way crosses Grantor’s fence lines.”
Sun Oil Company, the vendee in the instrument creating the servitude, maintained a tank farm near plaintiff’s lands. The servitude for the pipeline was obtained to transport oil from the tank farm, across plaintiff’s lands, across the levee, and the batture, to the river.
In May of 1952, Sun Oil Company conveyed its tank farm and servitude to the defendant. The evidence established that no oil, gas, or other hydrocarbons had been transported through the pipeline across plaintiff’s land, at least since defendant’s acquisition.
The suit was filed September 21, 1967.
*831 The defense is that the servitude has not been extinguished by non-usage, because docking facilities have been in use, electric transmission lines from the tank farm to the dock were in use, and a caretaker had entered upon the land and had crossed it.
Defendant further contends that what his ancestor in title purchased was a right of way from an enclosed estate (the tank farm) to the river, and the exercise of this right of passage by the caretaker in maintaining the electric transmission lines and lighting the “dock facilities” was user of the servitude sufficient to prevent the running of prescription.
This servitude, defendant contends, is a “natural or necessary” servitude against which prescription for non-usage does not run, under the provisions of Article 795 of the Civil Code.
In the alternative, the defendant contends that since he has enjoyed a lesser right than that granted by the servitude, the plaintiff would only be entitled to a reduction of the servitude, pursuant to the provisions of Civil Code Article 798.
With this interpretation of the servitude created in the instrument of May, 1945, we cannot agree. Although the right granted in the instrument is referrred to as a “right of way” in two places, the instrument is explicit in what was granted to the vendee:
“* * * ^e right to lay, operate, maintain and remove pipe lines for the transportation of oil, gas or other hydrocarbon fluids * *
The other rights granted are clearly accessory rights, and are covered by the provisions of Civil Code Article 799:
“If the owner has merely enjoyed an accessory right, which was necessary to his right of servitude, he will not be considered as having used his right of servitude.
“For example, if he who has the right of drawing water from the well of his neighbor, has passed often through the land of the latter, and gone to the well without drawing any water during the time required for prescription, he will have lost his right of drawing water without acquiring that of passage, which was merely accessory to the right of drawing water.”
There is no unusual meaning attributed to the word “accessory.” Its definition in Merriam-Webster’s Third New International Dictionary is:
“1: aiding or contributing in a secondary way
2: assisting in or contributing to as a subordinate.”
Defendant contends in brief before this court for the first time that its estate was an enclosed estate with no “way to a * * * water course”; that the servitude of passage and way referred to in Civil Code Article 699 is a “natural or necessary” servitude against which prescription does not run, under the provisions of Civil Code Article 795.
There is no mention of such a theory in defendant’s answer not in the opinion of the trial court. The instrument creating the servitude involved here had as its obvious purpose the transportation of hydrocarbons by a pipeline across the land of the plaintiff. As well stated by the trial judge:
“To decide whether the rights arising from the servitude have prescribed from non-use requires that we understand the manner of using the servitude as contemplated by the grant. C.C. 796. In my opinion the primary right granted by the instrument creating the servitude * * * was that of transporting oil, gas, or other hydrocarbons across property now owned by the plaintiff in the pipeline that was provided for in the same instrument.”
The record does not disclose that the servitude was granted because defendant’s *832 property was an “enclosed estate”; nor does the record disclose that defendant’s property was, in fact, an “enclosed estate.” Civil Code Article 699 is not relevant to the issues in this case, and Article 795 has no application. The conventional servitude granted by the owners of the estates involved in this case is merely a discontinuous and apparent servitude, extinguished by ten years’ non-usage. (La.C.C. 789 and following.)
The judgment of the District Court is affirmed, at the cost of defendant-appellant.